IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal Action No. 20-00056-KD-MU |
| | ) |
| NATHANIEL WHITFIELD, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Nathaniel Whitfield's Bruen-Based Motion to Dismiss (doc. 13). Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

I. Background

On February 27, 2020, Defendant Whitfield was indicted for the offenses possession with intent to distribute cocaine hydrochloride (Count One), prohibited person in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1) (Count Two), and possession of a firearm in furtherance of, or during and in relation to, a drug trafficking crime (Count Three) (doc. 1). Whitfield's jury selection is scheduled for February 5, 2024, with trial during the February 2024 criminal term (doc. 8). His follow-up pretrial conference is scheduled for January 16, 2024. Whitfield now moves the Court to dismiss Count Two (doc. 13).

II. Analysis

Relying primarily upon the decisions in New York State Rifle & Pistol Ass'n v. Bruen, -–U.S. —, 142 S. Ct. 2111, 213 L.Ed.2d 387 (2022), which established a new two-step method for evaluating the constitutionality of firearm regulations, Whitfield argues that 18 U.S.C. § 922(g)(1) is unconstitutional, facially and as applied to him,[1] because the statute violates the

---

[1] Whitfield also cites United States v. Forbis, - - - F. Supp. 3d - - -, 2023 WL 5971142 (N.D. Okla. Aug. 17, 2023) and United States v. Bullock, - - - F. Supp. 3d - - -, 2023 WL

Second Amendment to the United States' Constitution.

However, in United States v. Rozier, 598 F. 3d 768 (11th Cir. 2010), the Eleventh Circuit rejected a Second Amendment challenge to 18 U.S.C. § 922(g)(1). Rozier remains binding precedent in this circuit. See United States v. Hunter, 654 F. Supp. 3d. 1247, 2022 WL 17640254, n.1 (N.D. Ala. 2022) (J. Proctor) ("The question facing this court today is whether Rozier is still good law in light of the Supreme Court's recent ruling in [Bruen]. After careful review, the court concludes that it is. Because Rozier has not been clearly overruled or undermined to the point of abrogation, this court is bound by that decision's holding that § 922(g)(1) does not violate the Second Amendment.") (denying the motion to dismiss the indictment filed by defendant who was indicted for violating 18 U.S.C. § 992(g)(1)).

Moreover, by reaffirming and adhering to its reasoning in District of Columbia v. Heller, 554 U.S. 570, 128 S. Ct. 2783, 171 L.Ed.2d 637 (2008) and McDonald v. City of Chicago, Il., 561 U.S. 742, 130 S. Ct. 3020, 177 L.Ed.2d 387 (2010), the Supreme Court in New York State Rifle & Pistol Ass'n v. Bruen, did not change the regulatory framework that prohibits felons from possessing firearms.

Accordingly, Whitfield's Motion to Dismiss Count Two is DENIED.

DONE and ORDERED this the 11th day of January 2024.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

4232309 (S.D. Miss. 2023) in support of his argument that 18 U.S.C. § 922(g)(1) was unconstitutional as applied to him. In Forbis, the district court found that Bruen had effectively overruled or invalidated prior circuit analysis for as-applied challenges to the constitutionality of 18 U.S.C. § 922(g)(1) and that the statute was unconstitutional as applied to Forbis. In Bullock, the district court found that the "new standard" in Bruen "abrogated Fifth Circuit precedent" and after a thorough discussion, decided that 18 U.S.C. § 922(g)(1) was unconstitutional as applied to Bullock.